643 N.W.2d 570 (2002)
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Jeffery Michael MOLDOWAN, Defendant-Appellant.
Docket Nos. 119812 & (26), COA No. 232196.
Supreme Court of Michigan.
May 15, 2002.
On order of the Court, the delayed application for leave to appeal from the April 16, 2001 decision of the Court of Appeals, is considered and, pursuant to MCR 7.302(F)(2), in lieu of granting leave to appeal, we REVERSE the defendant's convictions and REMAND the case to the trial court for a new trial. In this case the prosecutor's two expert witnesses with respect to "bite-mark" evidence have either recanted testimony which concluded that bite marks on the victim were made by the defendant or presented opinion evidence which has now been discredited. As a result, we conclude that the defendant is entitled to relief from judgment pursuant to MCR 6.508(D)(3)(b)(i) and (iii). In support *571 of our conclusion, we note that the prosecutor himself has stated:
"In the totality of the circumstances of this case, it simply is not fair to say that the defendant or defendant's counsel should have known about the problems with the bite-mark evidence prior to trial. The same can also be said with regard to the later-discovered alibi witnesses. Because of the very nature of the drug and prostitution business, these witnesses are difficult to find. Their names are usually fake names, and they certainly do not want to be found. Without the bite-mark evidence and with the additional alibi witnesses, the result of the trial could have been different. For these reasons, it appears that the defendant may have suffered `actual prejudice' as that term is used in MCR 6.508(D)(3)(b)(i) and (iii)."
Accordingly, as stated supra, we REVERSE defendant's convictions and remand to the trial court for a new trial.